IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NATHANIEL SANDERS, SR., individually and as heir to the ESTATE OF NATHANIEL SANDERS II, and YULONDA SANDERS, individually, and as heir to the ESTATE OF NATHANIEL SANDERS II<br><br>Plaintiffs,<br><br>v.<br><br>LEONARDO QUINTANA and THE CITY OF AUSTIN<br><br>Defendants. | §§§§§§§§§§§§§§§ Civil Action No. A 09 CA 426 SS |

### PLAINTIFFS' REPLY TO CITY OF AUSTIN'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

TO THE HONORABLE JUDGE SPARKS:

Plaintiffs hereby file this Reply to Defendant City of Austin's Response (dkt. 17) to Plaintiff's Motion to Compel ("PL Motion"). The Plaintiffs respectfully state the following:

#### THE COA CONCEDES MOST OF THE PLAINTIFFS' ARGUMENTS

1.  The central legal issue before this Court is whether Tex. Local Govt. Code § 143.089(g) prevents the Plaintiffs from obtaining the full and unredacted IA File and KeyPoint Report (a 3rd party investigation) in a § 1983 civil rights action. The FRCP, Federal common law, 5th Circuit law, and public policy considerations all support the Plaintiffs' position that they are entitled to the unredacted IA File/KeyPoint Report in discovery. Before analyzing the Defendant's main arguments, the Plaintiffs would like this Court to take judicial notice of the numerous concessions the Defendant City of Austin ("COA") makes in its Response:

1

    a.    The COA did not dispute that the IA File/KeyPoint Report are discoverable information under the FRCP. In fact, the COA has already produced approximately 70% of the IA File/KeyPoint Report. (*See* ¶ 7 of PL Motion).

    b.    The COA did not dispute that Internal Affairs files are discoverable as a matter of 5th Circuit law. (*See* ¶¶ 8-11 of PL Motion).

    c.    The COA did not dispute that strict construction of Tex. Local Gov't Code § 143.089 shows it only applies to **Personnel Files** – *not* IA Files or 3rd party investigations. (*See* ¶ 9 of PL Motion).

    d.    The COA did not dispute that District Courts in the 5th Circuit often do not recognize privileges in civil rights cases due to public policy concerns. (*See* ¶ 15 of PL Motion).

    e.    The COA did not dispute that the unredacted portions of the KeyPoint Report are devastating to the Defendants' defense, because it shows that the APD investigation was "biased" and shows there are material factual disputes between the evidence and Defendant Quintana's version of the events. (*See* ¶¶ 3-5 of PL Motion).

    f.    The COA did not dispute that the federal common law, rather than a state statute like Tex. Local Gov't Code § 143.089, must be used when determining the scope of a privilege in a federal civil rights lawsuit. (*See* p. 8 of Def. Response).

All of the foregoing points all support the production of the unredacted IA File/KeyPoint Report. Instead of addressing these points, the COA bases its main argument on Tex. Local Govt. Code § 143.089(g) and three (3) cases. However, an analysis of this statute and cases shows that the COA is merely grasping at straws in a ridiculous attempt to prevent of the production of clearly discoverable information.

### Tex. Local Govt 143.089(g) does not prohibit the production of IA File/KeyPoint Report

    2.    Tex. Local Gov't 143.089(g) states as follows:

(g) A fire or police department may maintain a personnel file on a fire fighter or police officer by the department's use, but the department may not release any information contained in the department file to any agency or person requesting that information relating to a fire fighter or police officer. The department shall refer to the director or the

2

director designee's a person or agency that requests information that is maintained in the fire fighter's or police officer's personnel file.

First, on the basis of strict construction, there is absolutely nothing in this statute that remotely suggests that an IA File or 3rd party investigation into a police shooting is not discoverable in a federal civil rights lawsuit. Again, like in the original Motion, the Plaintiffs contend the IA File/KeyPoint Report are entirely **separate** than the Personnel File and the COA has not offered a single shred of evidence (such as an affidavit) refuting this point. Put differently, if the IA File/KeyPoint Report are actually part of the Personnel File and therefore confidential, why did the COA produce approximately 70% of these documents?[1] The COA is essentially playing a legal Three-Card Monte game by saying that certain parts of the IA File and Key Point are not part of the Personnel File and can be produced, but the other parts are part of the Personnel File and cannot be produced. The truth is the IA File and KeyPoint Report are **not** part of the Personnel File and it is disingenuous to argue that they are part of Personnel File – especially without providing any evidence to this Court, such as an affidavit.

3.  Second, and more importantly, the 5th Circuit is very clear that the federal common law – not a state statute – is controlling over the existence of a privilege in a federal civil rights case. *Coughlin v. Lee*, 946 F.2d 1152 (5th Circuit 1991). The federal common law in this Circuit clearly encourages the discovery of IA Files and 3rd party investigations in civil rights case. *Carnaby v. City of Houston*, 2008 WL 4546606 (S.D. Tex 2008), *Fraire v. City of Arlington*, 957 F.2d 1268, 1272 (5th Cir. 1992), *Zavalla v. City of Houston*, 264 F.3d 1142 (5th Cir. 2001) See also *Gravolet v. Tassin*, 2009 WL 1210877 (E.D. La. 2009); *Hargray v. City of*

---

[1] Moreover, if the COA was really trying to "comply with mandatory state law" (Response p. 9), why did it produce any of the information in the IA or KeyPoint Report? The obvious answer is the COA knows that Tx. Local Gov't 143.089 is not mandatory state law and that it can trumped by the FRCP and a federal lawsuit.

3

*New Orleans*, 1992 WL 28061 (E.D. La. 1992); *Dinh v. Fenner*, 1987 WL 9817 (E.D. La. 1987), *Walters v. Breaux*, 200 F.R.D 271 (2001), *Tyner v. City of Jackson*, 105 F.R.D. 564 (S.D Miss. 1985) (collectively, District Courts in this Circuit that have ordered the production of IA Files in similar civil rights cases).

    4.    Moreover, to invoke a privilege against disclosure of law enforcement records, the Defendants must make a 'substantial threshold showing' that **specific harms** are likely to result from disclosure. *D'Antoni v. Police Officer Roach*, 1997 WL 627601 (E.D. La 1997) (citing *Coughlin v. Lee*, 946 F.2d 1152 (5th Circuit 1991)). The COA has not shown what "specific harms" will result if the Plaintiffs receive the unredacted IA File/KeyPoint Report. Instead, the COA has primarily advanced relevance arguments on this point, such as "IA's and KeyPoint's recommendations and conclusions about violations of APD policies are not relevant to whether Quintana violated Plaintiffs' constitutional rights." To the contrary, the IA and KeyPoint recommendations/conclusions are **highly relevant** to whether Quintana violated constitutional rights because these documents are investigations into the shooting, and a large part of this case is about what exactly happened in May 11, 2009. In all, the FRCP, Federal common law and 5th Circuit law clearly supports the production of these documents.

***In re Jobe*, *Abbott v. Corpus Christi* and *Carter v. San Angelo* do not prohibit the production of IA File/KeyPoint Report in this Federal lawsuit**

    5.    The COA primarily relies on two state cases – *In re Jobe*, 42 S.W.3d 174 (Tex. App. – Amarillo 2001) and *Abbott v. City of Corpus Christi*, 109 S.W.3d 113 (Tex. App. – Austin 2003, no pet). However, these are state cases involving state claims and have arguably nothing to do a Federal 1983 lawsuit. In *In re Jobe*, the underlying case was an intentional infliction of emotional distress claim against an off duty police officer in state court. In *Abbott*,

4

the underlying legal issue was whether law enforcement records should be disclosed under the Texas Public Information Act (TPIA). Both of these cases were state claims in state court. In sharp contrast, the case before the Court is a Federal civil rights lawsuit governed exclusively by Federal law. The state cases are not binding and are hardly even persuasive, since they do not stand for the proposition that IA Files or a 3rd Party investigation report are not discoverable in a Federal lawsuit. These cases clearly do not trump the numerous Federal cases the Plaintiffs have shown this Court supporting the discovery of the IA File/KeyPoint Report.

6.  The COA also relies on *Carter v. Anderson*, 2004 WL 2208488 (N.D. 2004) to justify its position. However, this decision does not apply in the present context. First, the Court should note that the Plaintiff in *Carter* was Pro Se prisoner and, with all due respect to Mr. Carter, the undersigned counsel does not believe the plaintiff properly briefed the requisite issues for the Magistrate. Second, the Court makes passing reference to Tex. Loc. Gov't 143.089 but actually uses FRCP 26(c) as the legal basis for withholding certain documents from the IA File. *Id.* at 7. The Court noted that FRCP 26 allows the Court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." *Id.* The Court never expressly stated that 143.089(g) prohibited the discovery of the IA File; it used FRCP 26. *Id.*

7.  The COA appears to realize this and thus makes an argument that the full release of the IA/KeyPoint Report "could unfairly tarnish Quintana's reputation and ultimately prejudice him and the City at trial" (Response, p. 9) but it does not explain exactly how a full release would do this. Put differently, if the redacted information is that damaging, then without question the Plaintiffs have a basic right under the FRCP and federal common law to know what

is in the IA File/KeyPoint. Further, the present dispute is not about whether this information is admissible at *trial* – indeed, this is a discovery dispute and the relevance standard for discovery is much broader than the relevance standard at trial.

8.     In sum, under the FRCP, Federal common law, 5th Circuit law, and public policy considerations, the Plaintiffs have a basic discovery right to learn what is in the full and unredacted IA File and KeyPoint Report. To that end, the Plaintiffs respectfully asks this Court to compel the production of these documents immediately.

Respectfully submitted,

BARRY & LOEWY LLP

*/s/ Adam Loewy*

Adam J. Loewy
State Bar No. 24041353
Carl R. Barry
State Bar No. 24036192
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Phone/Fax: (800) 892-5044

**ATTORNEYS FOR PLAINTIFFS**

6

**CERTIFICATE OF SERVICE**

By my signature below, I hereby certify that on January 5, 2010 a true and correct copy of the foregoing document has been served via the Court's electronic filing system to all counsel in this case:

>CHRISTOPHER COPPOLA
>Assistant City Attorney
>State Bar No. 24036401
>City of Austin-Law Department
>Post Office Box 1546
>Austin, Texas 78767-1546
>christopher.coppola@ci.austin.tx.us
>(512)974-2161
>(512)974-1311 [FAX]
>
>ATTORNEYS FOR DEFENDANT
>THE CITY OF AUSTIN
>
>
>ROBERT ICENHAUER-RAMIREZ
>The Law Offices of Robert Incehauer-Ramirez
>1103 Nueces Street
>Austin, Texas 78701
>rirlawyer@gmail.com
>512-447-7991
>512-477-3580 [FAX]
>
>ATTORNEY FOR LEONARDO QUINTANA

>                              */s/ Adam Loewy*
>                              _____
>                              Adam Loewy

7